IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION
CIVIL ACTION NO.: _____

| | |
|---|---|
| LIBERTY MUTUAL PERSONAL )<br>INSURANCE COMPANY, as subrogee of )<br>Mr. Jordan Duprey and Ms. Erin Miller, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>DARYL M. NORTHROP )<br>11 Pine Street, Apt. 339 )<br>Montclair, NJ 07042-4379 )<br>)<br>and )<br>)<br>ELISA MURPHY n/k/a ELISA NORTHROP )<br>11 Pine Street, Apt. 339 )<br>Montclair, NJ 07042-4379 )<br>)<br>and )<br>)<br>DANIEL CAPEN )<br>17 Linwood Terrace )<br>Caldwell, NJ 07006 )<br>)<br>and )<br>)<br>CHRISTOPHER TYLER )<br>11 Bergen Hill Road )<br>Rockaway, NJ 07866-4703 )<br>)<br>    Defendants. )<br>_____) | **(JURY TRIAL DEMANDED)** |

## COMPLAINT

COMES NOW the Plaintiff, Liberty Mutual Personal Insurance Company, as subrogee of

Mr. Jordan Duprey and Ms. Erin Miller, by and through its undersigned attorneys, and for their

Complaint and Demand for Jury Trial against Defendants Daryl M. Northrop, Elisa Murphy n/k/a

1

Elisa Northrop, Daniel Capen and Christopher Tyler, would respectfully show this Court the following:

## THE PARTIES

1. Plaintiff Liberty Mutual Personal Insurance Company ("Liberty Mutual") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.  Liberty Mutual is duly authorized and licensed in the State of Maryland to write property and casualty insurance coverage.

2. Plaintiff's subrogors, Jordan Duprey and Erin Miller (hereinafter "Duprey"), are Maryland citizens and residents, who at all times relevant to the allegations contained herein, owned and resided at a house at 1218 South Highland Avenue, Baltimore, Maryland 21224.

3. At all times relevant hereto, Liberty Mutual provided property insurance coverage to the Dupreys against losses from certain perils and causing certain damages at their home and to their personal property, and under which said insurance policy was in full force and effect.

4. Defendants Daryl M. Northrop and Elisa Murphy n/k/a Elisa Northrop, husband and wife (hereinafter collectively "Northrop"), are New Jersey citizens and residents, who at all times relevant, were Maryland residents and owned and resided at a house at 1214 South Highland Avenue, Baltimore, Maryland 21224 (hereinafter "The Northrop Residence").

5. Defendant Daniel Capen (hereinafter "Capen") is a New Jersey citizen residing at 17 Linwood Terrace, Caldwell, New Jersey 07006.  At all relevant times, Mr. Capen was a guest at the Northrop residence.

6. Defendant Christopher Tyler (hereinafter "Tyler") is a New Jersey citizen residing at 11 Bergen Hill Road, Rockaway, New Jersey 07866-4703.  At all relevant times, Mr. Tyler was a guest at the Northrop residence.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states in that the citizenship of plaintiff is completely diverse from the citizenship of the defendants.

8. Venue is appropriate in the United States District Court for the Northern Division of Maryland pursuant to 18 U.S.C. §1391, in that a substantial part of the events and acts and omissions causing Plaintiff's damages which is the subject of this action occurred in the North Division of Maryland.

**FACTUAL ALLEGATIONS**

9. On March 5, 2022, a fire occurred at the Northrop home and the fire spread to damage the Dupreys' adjacent home, thereby resulting in substantial damage to Plaintiff's subrogors' real property and personal property (hereinafter "the Fire").

10. At all relevant times, defendants Northrop allowed defendants Capen and Tyler to smoke on the exterior of their house and was aware that Mr. Capen and Mr. Tyler were disposing of cigarette ashes in the bushes outside of the house.

11. The fire was caused by the defendants' failure to properly discard smoking materials.

12. The damage sustained to Plaintiff's subrogors' real property and personal property were a direct and proximate result of defendants' negligence.

13. As a direct and proximate result of the fire and resulting damage, Plaintiff Liberty Mutual paid to the Dupreys an amount in excess of Three Hundred Sixty Thousand Dollars ($360,000.00). As a result of its payments, Plaintiff Liberty Mutual is subrogated to the rights of

the Dupreys to recover damages from third persons to the extent of its payments made by Plaintiff Liberty Mutual.

14. The negligent acts and omissions of defendants directly and proximately caused the damages which Plaintiff has suffered.  Accordingly, defendants are jointly and severally liable to plaintiff for the previously described damages.

## COUNT I – NEGLIGENCE
## (PLAINTIFF V. NORTHROP)

15. Plaintiff reasserts the allegations contained in Paragraphs 1 through 14 set forth above as fully as if recounted at length herein.

16. Defendants Northrop owed a duty of reasonable care to use and occupy their property so as not to cause harm to neighboring property owners such as the Dupreys.

17. Defendants Northrop breached their duty by failing to exercise due care and was negligent in the following ways:

   a. Permitting dangerous and unsafe fire hazards created by the careless discarding of smoking materials on their premises;

   b. Permitting and creating dangerous fire hazard conditions at their premises;

   c. Failing to dispose of all ashes in a clean and safe manner;

   d. Negligently allowing the fire to ignite and spread to neighboring properties, including the Dupreys' property;

   e. Permitting persons in their house to negligently dispose of smoking materials;

   f. Failing to warn the Dupreys' and others of the dangers and unsafe fire hazard created by the careless discarding of smoking materials on their premises;

   g. Failing to act in a reasonable and prudent manner; and

   h. Otherwise failing to use due care in ways that may be disclosed during discovery.

18.     As a direct and proximate result of Defendants Northrop's negligent acts and omissions, the fire occurred and caused substantial damage to plaintiff's real and personal property and additional living expenses in an amount in excess of Three Hundred Sixty Thousand and no/100 Dollars ($360,000.00).

WHEREFORE, Plaintiff requests that this Court:

1.      Order a trial by jury on all issues enumerated in this Complaint;

2.      Order that Plaintiff recovers from the defendants, jointly and severally, damages in an amount in excess of Three Hundred Sixty Thousand and no/100 Dollars ($360,000.00); and interest as allowed by law and the costs of this action; and

3.      Order such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
### (PLAINTIFF V. CAPEN)

19.     Plaintiff reasserts the allegations contained in Paragraphs 1 through 14 set forth above as fully as if recounted at length herein.

20.     Defendant Capen owed a duty of care to properly dispose of smoking materials.

21.     Defendant Capen breached his duty by failing to exercise due care and was negligent in the following ways:

    a.  Permitting dangerous and unsafe fire hazards created by the careless discarding of smoking materials;

    b.  Permitting and creating dangerous fire hazard conditions;

    c.  Failing to dispose of all ashes in a clean and safe manner;

    d.  Negligently allowing the fire to ignite and spread to neighboring properties, including the Duprey's property;

    e.  Permitting persons in their house to negligently dispose of smoking materials;

      f.      Failing to warn the Duprey's and others of the dangers and unsafe fire hazard created by the careless discarding of smoking materials;

      g.      Failing to act in a reasonable and prudent manner; and

      h.      Otherwise failing to use due care in ways that may be disclosed during discovery.

22.    As a direct and proximate result of defendant Capen's negligent acts and omissions, the fire occurred and caused substantial damage to plaintiff's real and personal property and additional living expenses in an amount in excess of Three Hundred Sixty Thousand and no/100 Dollars ($360,000.00).

WHEREFORE, Plaintiff requests that this Court:

1.    Order a trial by jury on all issues enumerated in this Complaint;

2.    Order that Plaintiff recovers from the defendants, jointly and severally, damages in an amount in excess of Three Hundred Sixty Thousand and no/100 Dollars ($360,000.00); and interest as allowed by law and the costs of this action; and

3.    Order such other and further relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE
## (PLAINTIFF V. TYLER)

23.    Plaintiff reasserts the allegations contained in Paragraphs 1 through 14 set forth above as fully as if recounted at length herein.

24.    Defendant Tyler owed a duty of care to properly dispose of smoking materials.

25.    Defendant Tyler breached his duty by failing to exercise due care and was negligent in the following ways:

      a.      Permitting dangerous and unsafe fire hazards created by the careless discarding of smoking materials;

      b.      Permitting and creating dangerous fire hazard conditions;

      c.      Failing to dispose of all ashes in a clean and safe manner;

      d.      Negligently allowing the fire to ignite and spread to neighboring properties, including the Duprey's property;

      e.      Permitting persons in their house to negligently dispose of smoking materials;

      f.      Failing to warn the Duprey's and others of the dangers and unsafe fire hazard created by the careless discarding of smoking materials;

      g.      Failing to act in a reasonable and prudent manner; and

      h.      Otherwise failing to use due care in ways that may be disclosed during discovery.

26. As a direct and proximate result of defendant Tyler's negligent acts and omissions, the fire occurred and caused substantial damage to plaintiff's real and personal property and additional living expenses in an amount in excess of Three Hundred Sixty Thousand and no/100 Dollars ($360,000.00).

WHEREFORE, Plaintiff requests that this Court:

1. Order a trial by jury on all issues enumerated in this Complaint;

2. Order that Plaintiff recovers from the defendants, jointly and severally, damages in an amount in excess of Three Hundred Sixty Thousand and no/100 Dollars ($360,000.00); and interest as allowed by law and the costs of this action; and

3. Order such other and further relief as this Court deems just and proper.

This the 13th day of March, 2023.

                                        SALTZ NALIBOTSKY

                                        */s/ Albert S. Nalibotsky*
                                        Albert S. Nalibotsky, Esquire
                                        Maryland Bar No.:  17719
                                        6101 Carnegie Boulevard, Suite 440
                                        Charlotte, North Carolina 28209
                                        Phone: 704-910-2680
                                        Email: analibotsky@s-nlaw.com

                                        *Counsel for Plaintiff*